# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50013 | **DATE** | 1/23/2012 |
| **CASE TITLE** | Dohm vs. United States | | |

**DOCKET ENTRY TEXT:**

Petition for writ of habeas corpus is denied. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On February 19, 1982, a federal grand jury returned a five-count indictment against petitioner, J. Patrick Dohm, charging him with violations of 18 U.S.C. § 2314. Dohm was found guilty and was ultimately sentenced on December 5, 1984 to five years probation, restitution in the amount of $100,000, and community service. See United States v. Dohm, No. 82-CR-20003, aff'd (7th Cir. March 19, 1984) (unpublished opinion).

Petitioner has now filed a pro se document entitled a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). The motion seeks the dismissal of an indictment handed down in a 1982 and vacature of his December 1984 convictions. Petitioner is not in custody, and his 5-year sentence of probation expired many years ago. The matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts applicable to § 2241 petitions by virtue of Rule 1(b).

To qualify for relief under § 2241, a petitioner must be in custody. Virsnieks v. Smith, 521 F. 3d 707, 717 (7th Cir. 2008); 28 U.S.C. § 2241(c). The collateral consequences of a conviction do not constitute custody including orders of restitution and fines. Virsnieks, 521 F. 3d at 718. While hours of community service has been recognized as constituting custody for purposes of § 2241, id, at 718, the hours of community service imposed on petitioner in this case were a condition of his probation which has since expired. See 18 U.S.C. § 3565 (probation terminates upon expiration of the term). Therefore, because petitioner is not in custody as a result of his conviction there is no basis for relief under § 2241.

Nor can petitioner obtain relief under Rule 60(b)(4). This case is nearly 30 years old, and petitioner has twice previously sought to attack the indictment and conviction via a motion for a writ of error coram nobis and § 2255, both motions were denied as meritless. Even though there is no specific time limit for a motion under Rule 60(b)(4), it must be brought within a "reasonable time." See Fed. R. Civ. P. 60 (c)(1); Hinton v. United States, No. 96-cv-860-DRH, 2007 WL 1302710, at *1 (S.D. Ill. May 2, 2007). While there is no hard and fast rule, the court must consider the facts of each case such as the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied on, and any prejudice to opposing parties. Ingram v. Merrill Lynch, 371 F. 3d 950, 952 (7th Cir. 2004); Sandoval v. United States, No. 04-cv-4056, 2010

**STATEMENT**

WL 2089287, * 2 (C.D. Ill. May 25, 2010). Considering these factors, the court finds that the motion has not been filed in a reasonable time. Petitioner has not identified any reasons for the more than 29-year delay. Further, it is apparent from his prior filings that petitioner has known of the basis of his claim for quite some time. While there is no obvious prejudice resulting from the delay, the need for finality in a case this old is compelling. Thus, the Rule 60(b)(4) motion is denied on that basis alone.

Even if the motion were timely, the court finds there is no basis for relief under Rule 60(b)(4) because it is apparent from the materials submitted by petitioner in this case that petitioner was in fact convicted of the charge as set forth in the indictment and the indictment set forth the necessary elements of the offense charged. See United States v. Gooch, 120 F. 3d 78, 80 (7th Cir. 1997).

For the foregoing reasons, the court denies the combined § 2241 petition and Rule 60(b)(4) motion in its entirety.